| | |
|---|---|
| 1 | NEAL A. FISHER Jr. (State Bar No. 265596) |
| | nealfisher@dwt.com |
| 2 | KATHLEEN M. JONES (State Bar No. 162059) |
| | kathleenjones@dwt.com |
| 3 | DAVIS WRIGHT TREMAINE LLP |
| | 865 South Figueroa Street, 24th Floor |
| 4 | Los Angeles, California 90017-2566 |
| | Telephone: (213) 633-6800 |
| 5 | Fax: (213) 633-6899 |
| 6 | Attorneys for Defendant |
| 7 | LOWE'S HOME CENTERS, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUILIO PACHECO, an individual, | Case No. |
| Plaintiff, | **DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)** |
| vs. | |
| LOWE'S HOME CENTERS, LLC, a California business organization; and DOES 1 through 250, | |
| Defendants. | |
| | [Filed concurrently with Corporate Disclosure Statement; Certification and Notice of Interested Parties; Declaration of Neal A. Fisher Jr.; Declaration of Justin Naples; Federal Civil Cover Sheet] |
| | [State Court Complaint Filed: Jan. 9, 2020] |

DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA**:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332, 1367, 1441, and 1446, Defendant Lowe's Home Centers, LLC (hereinafter "Defendant" or "Lowe's"), by and through its attorneys of record, hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court, Central District of California, based upon the following:

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a). This action is removable pursuant to 28 U.S.C. section 1441 because (1) there is complete diversity of citizenship between Plaintiff Duilio Pacheco ("Plaintiff") and Defendant Lowe's and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Because the state court action is pending in the Superior Court of California, County of Los Angeles, removal of the state court action to this District Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

3. Removal to and venue in this District is proper under 28 U.S.C. section 1391(a)(2) because Plaintiff filed the present action in the Superior Court of the State of California, County of Los Angeles and alleges that, at all relevant times, he was "a resident of the City of Los Angeles, County of Los Angeles, State of California." Exhibit ("Ex.") A, Compl. at ¶ 5 (Ex. A consists of a true and correct copy of Plaintiff's Complaint for Damages.). Plaintiff further alleges that the alleged unlawful conduct in this action took place while Plaintiff worked for Defendant in the County of Los Angeles. *See generally* Ex. A, Compl. ¶¶ 1-20. At all relevant times, Defendant employed Plaintiff at its store located at 2800 West 120th Street, Hawthorne, California 90250. Ex. A, Compl. ¶¶ 9-20; *See* Declaration of Justin Naples ("Naples Decl."), ¶ 3, filed concurrently herewith.

DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROCEDURAL HISTORY AND BACKGROUND

4. On January 9, 2020, Plaintiff filed the subject civil action in the Superior Court of the State of California, County of Los Angeles, titled *Duilio Pacheco v. Lowe's Home Centers LLC*, Case No. 20STCV00995 ("Complaint"). Ex. A. The face of the operative Complaint purportedly alleges six employment-related causes of action against Defendant; namely (1) FEHA retaliation; (2) violation of Labor Code §§ 226.7 & 512 (meal and rest breaks); (3) violation of Labor Code §§ 510, 1194 & 1198 (unpaid overtime); (4) violation of Labor Code § 226(A) (inaccurate wage statements); (5) violation of Labor Code §§ 200-204 (waiting time penalties); and (6) violation of California Business & Professions Code §§ 17200, *et seq*.). *Id.*

5. On January 13, 2020, Plaintiff personally served Defendant's agent of process a copy of the Summons and Complaint. A true and correct copy of the Notice of Service of Process and Summons is attached here as Exhibit B. Accordingly, this notice of removal is timely filed within the 30-day period set forth in 28 U.S.C. section 1446(b).

6. On February 6, 2020, Defendant filed an Answer in state court, denying Plaintiff's allegations and claims in their entirety, and denying that he is owed any of the amounts prayed for in the Complaint. A true and correct copy of Defendant's Answer dated February 6, 2020 is attached here as Exhibit C.

7. DOES 1 through 250 represent the other defendants in this action. Because DOES 1 through 250 are fictitious and because they have not yet been served, their consent to joinder in removal is not required. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded."); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678–79 (9th Cir. 1925).

2

DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## DIVERSITY

8. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), and is one that may be removed to this Court under 28 U.S.C. section 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## CITIZENSHIP

9. <u>Plaintiff's Citizenship</u>: Plaintiff alleges in his Complaint that "[a]t all times herein mentioned, Plaintiff PACHECO is and has been a resident of the City of Los Angeles, County of Los Angeles, State of California." Ex. A, Compl., ¶ 5. Plaintiff listed Los Angeles, California as his place of residence in his employment records with Defendant. *See* Naples Decl. ¶ 3. These allegations create a rebuttable presumption of citizenship. *See Long v. Empire Today, LLC*, 2014 U.S. Dist. LEXIS 617, *4 (C.D. Cal. Jan. 3, 2014) (noting that "[a] person's residence can be prima facie evidence of citizenship"). Collectively, these facts establish that Plaintiff is domiciled in California.

10. <u>Defendant's Citizenship</u>: At all relevant times, including the date on which Plaintiff filed the Complaint, Lowe's Home Centers, LLC was and is a citizen of North Carolina, not California. For removal purposes, a limited liability company is treated as a partnership, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Lowe's Home Centers, LLC is a limited liability company and Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. *See* Naples Decl. ¶¶ 4, 5. *See also Meza v. Lowe's Home Centers, LLC*, No. 15-CV-02320-LHK, 2015 WL 5462053 (N.D. Cal. Sept. 16, 2015) at *1-2 (holding that complete diversity of citizenship existed where plaintiff was a citizen and resident of California and the defendant was Lowe's Home Centers, LLC: "Defendant is a manager-managed LLC with its only member being Lowe's Companies, Inc.…Lowe's Companies,

3

DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Inc., in turn, is a North Carolina corporation with its principal place of business in North Carolina…. Accordingly, Defendant is a citizen of North Carolina for purposes of diversity jurisdiction."); *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW, 2015 WL 3889289 (C.D. Cal. June 24, 2015) at *1-2 (holding that complete diversity of citizenship existed where plaintiff was a citizen of California and the defendants were Lowe's Home Centers, LLC and Lowe's Companies, Inc.); Declaration of Neal A. Fisher Jr. ("Fisher Decl."), filed concurrently herewith, ¶¶ 4, 5 and Ex. 1 (copies of the aforementioned unreported cases) and Ex. 2 (Secretary of State Elaine F. Marshall, Business Registration Search Results for Lowe's Home Centers, LLC, accessible at: https://www.sosnc.gov/online_services/search/Business_Registration_Results (lists Lowe's principal office in Mooresville, North Carolina and the addresses for all company officials in Mooresville, North Carolina) (last accessed January 24, 2020)).

11. Lowe's Companies, Inc. is a North Carolina corporation, incorporated in the State of North Carolina. *See* Naples Decl., ¶¶ 5, 6; Fisher Decl., ¶¶ 4, 5 and Exs. 1 and 2. The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where "the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower courts have often metaphorically called that place the corporation's 'nerve center' . . . the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 95-96 (2010) (internal citations omitted). Lowe's Companies, Inc.'s headquarters -- where its high-level officers direct, control, and coordinate the corporation's activities -- is located in North Carolina. *See* Naples Decl., ¶ 6. Thus, for removal purposes, Lowe's Companies, Inc. is a citizen of North Carolina, not California. *Id.*; Fisher Decl., ¶¶ 4, 5 and Exs. 1 and 2. Defendant is not now, and has never been, a citizen of the State of California.

DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

12. Because Lowe's Companies, Inc. is a citizen of North Carolina, Lowe's Home Centers, LLC is a citizen of North Carolina. *See* Fisher Decl., ¶¶ 4, 5 and Exs. 1 and 2. Since Plaintiff is a citizen of California and Defendant is a citizen of North Carolina, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

13. Pursuant to 28 U.S.C. section 1441(a), "[f]or purposes of removal … the citizenship of defendants sued under fictitious names shall be disregarded." Thus, the fictitious "Does 1 to 250" are disregarded for determining diversity jurisdiction. There is complete diversity between the parties for removal purposes.

## AMOUNT IN CONTROVERSY

14. The threshold amount in controversy is satisfied in this action. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

15. Here, Plaintiff's allegations and the prayer for relief in the Complaint confirm that Plaintiff is seeking more than $75,000. Plaintiff prays for the following relief against Defendant: general, consequential and special damages, including but not limited to loss earnings, other employment benefits, physical injuries, physical sickness, emotional distress, medical expenses, and future medical expenses; punitive damages; unpaid wages for meal and rest breaks and unpaid overtime and interest; restitution of unpaid wages and prejudgment interest; statutory penalties and fines; attorneys' fees and costs of suit; injunctive relief; and

5

DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

such other and further relief deemed proper by the Court. Ex. A at ¶¶9-66 and Prayer for Relief.

      (a)    Plaintiff seeks a combination of <u>past and future lost income</u> and benefits. Ex. A at ¶ 32 and Prayer. In the Complaint, Plaintiff alleges that he was constructively discharged in May 2019. *Id.* at ¶¶ 19. Plaintiff also claims that as a Project Specialist Exteriors (PSE) he earned $37,024.00 per year plus approximately $100,000.00 per year in commissions. *Id.* at ¶ 23. Plaintiff claims that he went out on a leave of absence in March 2018 and returned to work in April 2019 at which time he was reinstated as a PSE. *Id.* at ¶¶ 25, 26. Although Plaintiff claims that there were significant changes to his position upon his return (*Id.* at ¶ 26), the truth is, when Plaintiff chose to end his employment, he was a full-time employee, earning $19.50 per hour working forty (40) hours per week. *See* Naples Decl. ¶ 4. Thus, if we extrapolate these figures to estimate his lost wages during the nine months since Plaintiff's separation of employment, Plaintiff seeks approximately $28,080.00 (excluding commissions and benefits) in lost wages.[1] This amount does not include Plaintiff's alleged lost *future* earnings, which add to the jurisdictional amount.

      (b)    Plaintiff further seeks damages for a combination of alleged <u>wage and hour law violations</u>, including unpaid wages for meal and rest breaks, unpaid overtime wages and interest; restitution of unpaid wages and prejudgment interest and statutory penalties and fines. Ex. A at ¶¶ 38, 45, 52, 58 and Prayer. Plaintiff claims that he is entitled to these wages, based upon his claim that he was improperly classified as a salaried/exempt employee, for a one month period from when he returned from a leave of absence in April 2019 until the time he resigned in May 2019. Ex. A at ¶¶ 14-20. Plaintiff returned to work on April 3, 2019 and his

---

[1] $19.50 base hourly rate of pay x 40 hours per week x 4 weeks per month x 9 months = $28,080.00.

DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

last day of work was April 27, 2019.  Naples Decl., ¶ 4.  He worked 19 days during that time frame and, as previously stated, his hourly wage at that time was $19.50 per hour.  *Id.*  Thus, Plaintiff's alleged rest and break wage violations could total in the range of $741.00 ($19.50 x 19 days multiplied by 2 for a rest and meal break violation per day = $741.00).  Additionally, Plaintiff's alleged wage statement penalties could amount to $4,000 (California Labor Code §226(e)(1)).  Plaintiff also seeks to recover additional alleged unspecified overtime, interest, and statutory wage and waiting time penalties.

    (c) Plaintiff further seeks <u>emotional distress</u> damages.  Ex. A at ¶¶ 32 and Prayer.  Emotional distress damages have value for purposes of determining the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount in controversy).  Although Plaintiff does not provide a specific amount as to his claim for emotional distress damages, the Court may consider damage awards in other cases to establish the amount in controversy.  *See, e.g.*, *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (citing award of $3,500,000 for pain and suffering in employment discrimination case and noting that while the case was "not perfectly analogous," the case "indicates that emotional distress damages in a successful employment discrimination case may be substantial").

    (d) Plaintiff seeks to recover <u>punitive damages</u> as well.  Ex. A at ¶ 33.  "It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Indeed, in *Simmons*, the amount in controversy was satisfied when the plaintiff filed a complaint against his former employer for race discrimination and wrongful termination seeking punitive damages (notwithstanding that lost wages at the time of removal totaled only $25,600).  *Simmons*, 209 F. Supp. 2d at 1033.  The court explained that a potential award of punitive damages, even if unspecified in the pleadings, can establish the requisite amount in controversy.  *Id.* (citing multi-

7
DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

million dollar punitive damages awards and providing that, "Notwithstanding the[] differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.") Here, although Defendant denies Plaintiff's allegations in their entirety, if Plaintiff were to prevail on his employment claims, the punitive damages alone could exceed the jurisdictional minimum.

16. Additionally, Plaintiff seeks to recover <u>attorneys' fees</u> as provided by statute. Ex. A at ¶ 32, 45, 66 and Prayer. Attorneys' fees are properly included in the amount in controversy calculation. To be sure, it is not just attorneys' fees already incurred that are to be included; *future* fees should be included as well. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"). Here, Plaintiff seeks attorneys' fees "pursuant to Labor Code §§ 218.5, 218.6, 226(e), 1194(a), 2699; and California Code of Civil Procedure section 1021.5" Ex. A at Prayer. Under Government Code section 12965(b), the Court may award a prevailing plaintiff an award of reasonable attorneys' fees.

17. Based on the nature of Plaintiff's allegations and the relief sought by Plaintiff in the Complaint – including past and future employment earnings, unpaid overtime wages, unpaid wages for meal and break violations, penalties, emotional distress, punitive damages and attorneys' fees - it is apparent that the amount in controversy exceeds $75,000. *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (affirmed district court determination that it was facially apparent that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorneys' fees); *see also Luckett v. Delta Airlines, Inc.*, 171

8

DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for pain and suffering and humiliation).

18. Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a) and it is removable under 28 U.S.C. section 1441.

19. For the reasons set forth above, therefore, this action may be removed by Defendant to this District Court pursuant to 28 U.S.C. § 1441 and, if necessary, pursuant to 28 U.S.C. § 1367.

## **MISCELLANEOUS**

20. Pursuant to 28 U.S.C. section 1446(a), the following constitutes all of the process, pleadings, and orders received or served by Defendant or otherwise found in the State Action court file and available to Defendant at the time of the filing of this removal. True and correct copies are attached of the following:

Ex. A: Summons and Complaint, filed by Plaintiff;
Ex. B: Proof of Service of Summons, filed by Plaintiff;
Ex. C: Answer, filed by Defendant on February 6, 2020;
Ex. D: Civil Case Cover Sheet & Addendum, filed by Plaintiff;
Ex. E: Notice of Case Assignment; and
Ex: F: Notice of Case Management Conference

21. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, Defendant will file with the State Court a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached. Furthermore, Defendant will serve counsel for Plaintiff with a copy of both this Notice of Removal and the Notice of Filing of Notice of Removal, and file this Notice to Plaintiff with the State Court.

22. Defendant has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

9
DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Based on the foregoing, Defendant hereby removes this action from the Superior Court of California, County of Los Angeles, to this Court, and requests that further proceedings be conducted in this Court as provided by law.

DATED: February 11, 2020

DAVIS WRIGHT TREMAINE LLP
NEAL A. FISHER JR.

By: /s/ Neal A. Fisher, Jr.
      Neal A. Fisher Jr.

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

10

DEFENDANT'S NOTICE OF REMOVAL
4847-3972-1396v.1 0086846-000082

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>CERTIFICATE OF SERVICE BY MAIL</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On February 11, 2020, I served the foregoing document(s) described as: **DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Neama Rahmani
Ronald L. Zambrano
Melineh Kasbarian
WEST COAST EMPLOYMENT LAWYERS, APLC
350 South Grand Avenue, Suite 3325
Los Angeles, California 90071
*Attorneys for Plaintiff DUILIO PACHECO*

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on February 11, 2020, at Los Angeles, California.

☐ State     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒ Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Vanessa Palma | /s/Vanessa Palma |
|---|---|
| Print Name | Signature |

CERTIFICATE OF SERVICE
4847-3972-1396v.1 0086846-000082

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899