# EXHIBIT A

ctronically FILED by Superior Court of California, County of Los Angeles on 01/09/2020 12:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
Case 2:20-cv-01375 Document 1-2 Filed 02/11/20 Page 2 of 17 Page ID #:14

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOWE'S HOME CENTERS, LLC, a California business organization; and DOES 1 through 250,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DUILIO PACHECO, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012.

CASE NUMBER:
*(Número del Caso):*
**20STCV00995**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Melineh Kasbarian, Esq, 350 South Grand Avenue, Suite 3325, Los Angeles, California 90071

DATE: 01/09/2020        Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                Clerk, by   Ricardo Perez   , Deputy
                         *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Lowe's Home Centers, LLC, a California business organization
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 17701.16
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Neama Rahmani (State Bar No. 223819)
Ronald L. Zambrano (State Bar No. 255613)
*ron@westcoasttriallawyers.com*
Melineh Kasbarian (State Bar No. 329033)
*melineh@westcoasttriallawyers.com*
WEST COAST EMPLOYMENT LAWYERS, APLC
350 South Grand Avenue, Suite 3325
Los Angeles, California 90071
Telephone: (213) 927-3700
Facsimile: (213) 927-3701
filings@westcoasttriallawyers.com

Attorneys for Plaintiff,
DUILIO PACHECO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DUILIO PACHECO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a California business organization; and DOES 1 through 250,<br><br>Defendants. | CASE NO.: 20STCV00995<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) FEHA RETALIATION;<br><br>(2) VIOLATION OF LABOR CODE §§ 226.7 & 512 (MEAL AND REST BREAKS);<br><br>(3) VIOLATION OF LABOR CODE §§ 510, 1194 & 1198 (UNPAID OVERTIME);<br><br>(4) VIOLATION OF LABOR CODE § 226(A) (INACCURATE WAGE STATEMENTS);<br><br>(5) VIOLATION OF LABOR CODE §§ 200-204 (WAITING TIME PENALTIES);<br><br>(6) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT AND DEMAND FOR JURY TRIAL

1

COMES NOW the Plaintiff, DUILIO PACHECO, who hereinafter shall be referred to as the "Plaintiff" or as "PACHECO," who hereby respectfully alleges and avers as follows:

## INTRODUCTION

1. This is an action brought by the Plaintiff, DUILIO PACHECO, pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendants LOWE'S HOME CENTERS, LLC, (hereinafter referred to as "LOWE'S"), at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law and regulations.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Los Angeles County Superior Court Rules.

4. Venue in this Court is proper in that Defendant LOWE'S HOME CENTERS, LLC, has a principal business address located in the City of Hawthorne, County of Los Angeles, State of California.

## PARTIES

5. At all times herein mentioned, Plaintiff PACHECO is and has been a resident of the City of Los Angeles, County of Los Angeles, State of California.

//
//

6. Defendant LOWE'S is and at all times herein mentioned has been a California organization with the capacity to sue and to be sued, and doing business, with the same principal place of business located at 2800 West 120th Street, Hawthorne, California 90250.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

8. The true names and capacities of the Defendants named herein as DOES 1 through 250, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## FACTUAL ALLEGATIONS

9. Plaintiff DUILIO PACHECO began working for Defendant LOWE'S in or about November of 2013 as a Sales Specialist, making $12.27 an hour.

10. In or about April of 2016, Plaintiff was promoted to a Project Specialist Exteriors (PSE), making $37,024.00 per year along with commissions based on his sales. As a PSE, Plaintiff conducted sales calls and visited clients at their homes. During this time, Plaintiff worked out in the field for approximately 10 to 12 hours a day.

//

11. Plaintiff consistently surpassed his sales and revenue targets, allowing Defendant's Hawthorne branch to rank No. 9 in the company for total volume sales in 2017 in the PSE program.

12. Plaintiff is informed and believes that Lorena (last name unknown) was hired as a Sales Coordinator for the express purpose of assisting Plaintiff with his job functions. Plaintiff is informed and believes that his Market Sales Manager, Rob Johnson (hereinafter referred to as "Mr. Johnson"), instructed Lorena not to help Plaintiff with his job functions.

13. In or about March of 2018, Plaintiff reported to Mr. Johnson that he was overwhelmed by the workload that came with the high number of sales he was achieving and needed assistance to perform his work duties. Defendants immediately informed Plaintiff that he would be demoted to a lower position, changed from a salaried exempt employee to an hourly non-exempt employee, and that his pay would be cut in half.

14. In or about March of 2018, Plaintiff went out on a leave of absence due to work-related stress.

15. In or about April of 2019, Plaintiff returned to work following his leave of absence. Upon his return, Defendants reinstated Plaintiff's position as a PSE, however, Defendants retaliated against Plaintiff by making significant changes to Plaintiff's position that resulted in dramatically lower commissions and pay. Specifically, Defendants informed Plaintiff that he was only allowed to sell roofs and fences, the two least profitable appliances. Defendants also required that Plaintiff undergo training by an employee who Plaintiff had trained prior to his leave.

16. Following Plaintiff's return to work upon his leave of absence, Plaintiff was improperly classified as a salaried, exempt employee.

//

17. Plaintiff was not allowed to take meal or rest breaks.

18. Plaintiff was denied overtime pay at an overtime rate for the overtime hours that he worked.

19. In or about May of 2019, Plaintiff was constructively terminated and had no choice but to resign after threats of a demotion in both position and pay.

20. Accordingly, because Plaintiff was denied meal and rest breaks and was not paid for overtime hours worked, he was subjected to inaccurate timekeeping by Defendants which resulted in inaccurate wage statements.

## FIRST CAUSE OF ACTION

**(Retaliation in Violation of FEHA)**

**(Plaintiff Against All Defendants)**

21. Plaintiff incorporates all paragraphs above as though fully set forth herein.

22. At all times herein mentioned in this complaint, California Government Code Section 12940 et seq. was in full force and effect and binding on the Defendants and the Defendants were subject to its terms. Defendants ultimately demoted Plaintiff, for reasons and in a manner contrary to the Fair Employment and Housing Act ("FEHA"), on a pre-textual basis, because he took a medical leave, as herein above alleged.

23. Plaintiff was a Project Specialist Exteriors (PSE) whose responsibilities included sales. Plaintiff performed these duties competently and to the satisfaction of LOWE'S. Plaintiff's pay rate was $37,024.00 a year, however, Plaintiff also earned approximately $100,000.00 a year in commission from his sales.

//

24. In or about March of 2018, Plaintiff reported to Mr. Johnson that he was overwhelmed by the workload that came with the high number of sales he was achieving and needed assistance to perform his work duties. Defendants immediately informed Plaintiff that he would be demoted to a lower position, changed from a salaried exempt employee to an hourly non-exempt employee, and that his pay would be cut in half.

25. As a result of Defendants' threats of a demotion and pay cut, Plaintiff went out on a leave of absence due to work-related stress in or about March of 2018.

26. In or about April of 2019, Plaintiff returned to work following his leave of absence. Upon his return, Defendants reinstated Plaintiff's position as a PSE, however, Defendants retaliated against Plaintiff by making significant changes to Plaintiff's position that resulted in dramatically lower commissions and pay. Specifically, Defendants informed Plaintiff that he was only allowed to sell roofs and fences, the two least profitable appliances. Defendants also required that Plaintiff undergo training by an employee who Plaintiff had trained prior to his leave.

27. Following Plaintiff's return to work upon his leave of absence, Plaintiff was improperly classified as a salaried, exempt employee.

28. Plaintiff was not allowed to take meal or rest breaks.

29. Plaintiff was denied overtime pay at an overtime rate for the overtime hours that he worked.

30. In or about May of 2019, Plaintiff was constructively terminated and had no choice but to resign after threats of a demotion in both position and pay.

//
//

31. Defendants' conduct above described is in violation of various statutes and state law decisions, including California Government Code Section 12940 et seq., due to Plaintiff's protected classification and his protected activity of taking a medical leave.

32. As a direct and legal result of Defendants' retaliatory actions against Plaintiff for his protected activity herein referenced, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

33. Said retaliation was wrongful and justifies the imposition of punitive damages since it was against public policy. Defendants intentionally discriminated and retaliated against Plaintiff on account of his protected activity, and in doing so, Defendants acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

## SECOND CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 AND 512)
### (Plaintiff Against All Defendants)

34. Plaintiff incorporates all paragraphs above as though fully set forth herein.

35. Plaintiff is informed and believes, and thereon alleges that California Labor Code §§ 226.7 and 512 were in full force and effect and binding on Defendants during all times mentioned in this Complaint. Said section requires employers to comply with all Industrial Welfare Commission Wage Orders governing meal and rest periods.

36. Plaintiff is informed and believes, and thereon alleges, that the IWC Wage Orders were in full force and effect and govern when employers, including Defendants, must give employee breaks for meal and rest periods. The Wage Orders state in pertinent part that employers must provide at least thirty minutes of meal periods for every five hours of work and another thirty-minute period if the work period is ten hours or more. Furthermore, the IWC Wage Orders state in pertinent part that employees must be given at least a ten-minute rest period for every four (4) hours or major fraction thereof.

37. Plaintiff was not able to take his meal or rest breaks. These actions by Defendants were in violation of IWC Wage Orders and California Labor Code §§ 226.7 and 512.

38. Plaintiff is informed and believe, and thereon allege, that The Wage Orders and the California Labor Code mandate that Defendants must pay Plaintiff one hour of pay at Plaintiff's regular rate of pay for every missed meal and rest period. Plaintiff is thereby entitled to these penalties in an amount to be proven at trial, and also pray for all other remedies available under the law.

### THIRD CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194 & 1198)
### (Plaintiff Against All Defendants)

39. Plaintiff incorporates all paragraphs above as though fully set forth herein.

40. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

//
//

41. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful. The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of 8 hours per day or 40 hours per week.

42. During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194. Specifically, Plaintiff was either not paid for hours worked in excess of 8 hours in a day, or Plaintiff was not paid the overtime rate for applicable overtime hours worked. This failure was due to Defendants improperly classifying Plaintiff as an exempt employee.

43. At all times relevant hereto, Defendants failed to pay Plaintiff overtime compensation for the hours he worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff was required to work overtime hours without receiving overtime pay.

44. By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff for overtime hours worked, Plaintiff suffers, and will continue to suffer, damages in amounts which are presently unknown to him and which will be ascertained according to proof at trial.

45. Plaintiff requests recovery of overtime compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), as well as the

assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes. Further Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

## FOUR CAUSE OF ACTION

## (VIOLATION OF CALIFORNIA LABOR CODE § 226(A))

### (Plaintiff Against All Defendants)

46. Plaintiff incorporates all paragraphs above as though fully set forth herein.

47. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

48. Defendants intentionally and willfully failed to provide Plaintiff with complete and accurate wage statements. The deficiencies include, among other things, the failure to include the gross wages earned, total number of hours worked by Plaintiff, and the failure to accurately list all applicable rates as Plaintiff was not allowed to take meal or rest breaks when the law required same.

Case 2:20-cv-01375   Document 1-1   Filed 02/11/20   Page 13 of 17   Page ID #:25

49. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff suffered injury and damage to his statutorily protected rights.

50. Specifically, Plaintiff was injured by Defendants' intentional violation of California Labor Code section 226(a) because he was denied both his legal right to receive, and his protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).

51. Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

52. Under California Labor Code section 226(e), Plaintiff is entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

## FIFTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA LABOR CODE §§ 200-204)
### (Plaintiff Against All Defendants)

53. Plaintiff incorporates all paragraphs above as though fully set forth herein.

54. At all times herein set forth, California Labor Code §§ 200 through 204 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which

11

case the employee is entitled to his or her wages at the time of quitting.

55. Plaintiff's final paycheck did not include all wages owed to Plaintiff as Defendant failed to pay a premium for on-duty meal/rest periods and did not pay for overtime hours worked that Plaintiff was entitled to.

56. Defendant's failure to pay Plaintiff's wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 200-204.

57. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

58. Plaintiff is entitled to recover from Defendants additionally accruing wages for each day not paid, at the regular daily rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.)
### (Plaintiff Against All Defendants)

59. Plaintiff incorporates all paragraphs above as though fully set forth herein.

60. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other employees, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure

section 1021.5.

61. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

62. A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

63. Defendants' failure to provide accurate itemized wage statements in accordance with Labor Code § 226, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

64. Defendants' denial of overtime pay violated Labor Code §§ 510, 1194 & 1198, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

65. Defendants' denial of rest and meal breaks violated Labor Code §§ 226.7 & 510, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

66. Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff is entitled to restitution, including but not limited to, of wages withheld and retained by Defendants during

a period from four years prior to the filing of this complaint and for employer payroll taxes; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

**PRAYER**

1. For damages according to proof, including unpaid wages;

2. For interest on the amount of unpaid wages, and other employee benefits at the prevailing legal rate;

3. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

4. For statutory penalties pursuant to California Labor Code § 226(e);

5. For statutory wage penalties pursuant to California Labor Code §§ 1770-1773;

6. For restitution of unpaid wages to Plaintiff and prejudgment interest from the day such amounts were due and payable;

7. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

8. For injunctive relief pursuant to California Business & Professions Code § 17200, et seq.;

//

COMPLAINT AND DEMAND FOR JURY TRIAL

14

9. For civil penalties pursuant to California Labor Code § 2699(a) and/or 2699(f) and (g) in the amount of at least one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) for each subsequent violation per pay period, plus costs and attorneys' fees for violation of California Labor Code §§ 201, 202, 203, 204, 226(a), 510, 1194, 1197, 1198, 1770-1773 et seq., and 2802, Wage Orders and 8 CCR § 3364;

10. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights as set forth above; and pursuant to the Labor Code §§ 218.5, 218.6, 226(e), 1194(a), 2699; and California Code of Civil Procedure section 1021.5; and

11. For such other and further relief as the court deems just and proper.

Dated: January 9, 2020

          WEST COAST EMPLOYMENT LAWYERS, APLC

          By: _____
          Melineh Kasbarian, Esq.
          Attorney for Plaintiff
          DUILIO PACHECO

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial.

Dated: January 9, 2020

          WEST COAST EMPLOYMENT LAWYERS, APLC

          By: _____
          Melineh Kasbarian, Esq.
          Attorney for Plaintiff
          DUILIO PACHECO